JOSEPH STERNBERG
LAWRENCE A. SUCHAROW
NICOLE M. ZEISS
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
e-mail: jsternberg@labaton.com

ANDREW M. SCHATZ
JEFFREY S. NOBEL
MARK P. KINDALL, # 138703
SCHATZ NOBEL IZARD, P.C.
20 Church Street, Suite 1700
Hartford, Connecticut 06103
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
e-mail: firm@snilaw.com

LIONEL Z. GLANCY, #134180
PETER A. BINKOW, #173848
MICHAEL GOLDBERG, #188669
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SUPPORTSOFT, INC. SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Civil Action No.: C 04-5222 SI<br><br>CLASS ACTION<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Date: September 28, 2007<br>Time: 9:00 am<br>Place: Courtroom 10<br><br>Before: Honorable Susan Illston |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. C-04-5222-SI

This matter came before the Court for hearing pursuant to an Order of this Court, dated July 13, 2007, on the application of the Settling Parties for approval of the settlement set forth in the Class Action Stipulation of Settlement dated as of June 13, 2007 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.   This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.   This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.   The Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5.   By Order dated June 1, 2006, the Court certified a Class of all Persons and entities who purchased or otherwise acquired the securities of SupportSoft, Inc. ("SupportSoft") from

2

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. C-04-5222-SI

January 20, 2004 to October 1, 2004 and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of SupportSoft at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any excluded person or entity has a controlling interest. Also excluded from the Class is Paul Takacs, Jr., on behalf of Wall Street Warriors Investment Club, who timely and validly requested exclusion from the Class pursuant to the Notice of Pendency of Class Action.

6. Upon the Effective Date, the Certified Class Representative and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims (including unknown claims) demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, arising out of, relating to, or in connection with the purchase of SupportSoft securities by Plaintiff or any Class Member during the Class Period, against the Defendants and the Released Persons (the "Released Claims"), whether or not such Class Member executes and delivers a Proof of Claim and Release form.

7. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

8. Upon the Effective Date hereof, each of the Defendants and Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each Plaintiff and all of the Class Members and their counsel from all claims (including unknown claims), arising out of, relating to, or in connection

3

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. C-04-5222-SI

with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9. The distribution of the Notice of Proposed Settlement of Class Action and Settlement Hearing and the publication of the Summary Notice (collectively "Notice"), which included individual notice to all Members of the Class who could be identified through reasonable effort, constituted the best notice practicable under the circumstances. Said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. Any order approving the plan of allocation or the applications for attorneys' fees and expenses and the Named Plaintiffs' costs and expenses, or any objection to or appeal from any such order, shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the

4

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. C-04-5222-SI

Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation and for reimbursement of the Named Plaintiffs' costs and expenses incurred in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: 9/28/07

*/s/ Susan Illston*
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

5

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. C-04-5222-SI